STILES BUILDING CORPORATION, Respondent, v. BAISLEY LUMBER CORPORATION, Appellant.— In an action to recover damages for breach of contract arising out of the seller's failure to make deliveries of lumber as required by the contract, defendant appeals from a judgment, entered on the verdict of a jury in favor of plaintiff, for $9,463.50. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

∎

LEWIS WOLF, an Infant, by ESTHER WOLF, His Guardian ad Litem, et al., Respondents, v. GLOBE HOIST COMPANY, Appellant.— Appeal by defendant, an Iowa corporation appearing specially, from an order made November 17, 1954, denying its motion to vacate and set aside the service of the summons on the grounds that it was not doing business in this State and that the service was not made in the manner required by section 229 of the Civil Practice Act; and from an order made February 14, 1955, which granted defendant's motion for reconsideration upon additional papers, insofar as said order adhered to the original determination. Order of February 14, 1955, modified by striking out of the ordering paragraph thereof the word "denied" and by substituting in lieu thereof the word "granted". As so modified, order affirmed, with $10 costs and disbursements to appellant. No evidence was submitted upon which a finding could be made that the person to whom the summons was delivered was a managing agent of appellant. On the contrary, it appears that he was an independent dealer who handled products manufactured by appellant. (See McKeon v. McGowan & Sons, 229 App. Div. 568, and Beck v. North Packing & Provision Co., 159 App. Div. 418.) Appeal from order of November 17, 1954, dismissed, without costs. Said order was superseded by the order of February 14, 1955, and in any event the appeal from the former order is academic in view of the determination made herein on the appeal from the latter order. Wenzel, Acting P. J., Schmidt, Beldock and Ughetta, JJ., concur; Murphy, J., concurs in the dismissal of the appeal from the order dated November 17, 1954, and in the modification of the order dated February 14, 1955, insofar as the word "denied" is struck therefrom, but dissents insofar as the word "granted" is added thereto and votes to remit the matter to the Special Term for a hearing as to whether the appellant is doing business in the State of New York and as to whether the person served was one upon whom service could be legally made.