■ ELVIE REED, Appellant, v TRAILWAYS BUS SYSTEMS, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated March 31, 1987, which, after a hearing, granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the plaintiff

failed to meet her burden of proving that she obtained jurisdiction over the defendant corporation *(see, Preferred Elec. & Wire Corp. v Duracraft Prods.,* 114 AD2d 407). The process server employed by the plaintiff effected service upon the wrong corporation, Trailways Incorporated, and upon a person who has no connection with the defendant corporation. In so doing, the process server failed to act reasonably and diligently in attempting to fulfill the mandate of CPLR 311 (1) *(see, McDonald v Ames Supply Co.,* 22 NY2d 111). The fact that the defendant actually did receive notice of the action does not serve to render the improper service valid *(see, McDonald v Ames Supply Co., supra).* Assuming, arguendo, that the court erred in refusing to permit the introduction of a telephone directory listing into evidence, and in failing to take judicial notice of the same, the record still supports the conclusion that the plaintiff failed to establish that the process server acted reasonably and diligently.

The plaintiff's contention that "the defendant must be estopped from using the confusion it created regarding the identities of these corporations as a weapon to evade jurisdiction in this manner" may not be used as a ground to obtain reversal in this court, as it was not raised in the court of first instance *(see, Lang v Cohalan,* 127 AD2d 17, 21; *Nelson v Times Sq. Stores Corp.* 110 AD2d 691, *appeal dismissed* 67 NY2d 645). In any event, that contention is not supported by the record *(see, Weiss v Glatt Pack Kosher,* 138 AD2d 591; *Boser v Burdick,* 62 AD2d 1134). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.