■ HARRIS GLASSER, Appellant, v KASWOL CONSTRUCTION CORP., Defendant, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.—In an action to recover damages for labor and services performed, the plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated January 2, 1990, which granted the motion of the defendant United States Fidelity and Guaranty Company to dismiss the action insofar as asserted against it for lack of personal jurisdiction, and (2) as limited by his brief, from so much of an order of the same court, dated March 14, 1990, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order and judgment dated January 2, 1990, is dismissed, as the order and judgment was superseded by the order dated March 14, 1990, made upon renewal; and it is further,

Ordered that the order dated March 14, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that he had failed to obtain personal jurisdiction over the defendant corporation. The "primary responsibility for ensuring proper service is upon the plaintiff and his agent, the process server" *(Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 275 [Gabrielli, J., concurring]), and the record at bar establishes that the plaintiff failed to discharge that responsibility appropriately. In this regard, we note that it is undisputed that the process server employed by the plaintiff effected service on an individual who was not employed by the corporate defendant, and at a location in the Bronx where the defendant did not maintain an office. The process server thus failed to act "reasonably and diligently in attempting to fulfill the statutory mandate [of CPLR 311 (1)]" *(McDonald v Ames Supply Co.*, 22 NY2d 111, 115; *Reed v Trailways Bus Sys.*, 146 AD2d 763). Harwood, J. P., Eiber, Balletta, and Rosenblatt, JJ., concur.