■ NAWTIE PERSAUD, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme

Court, Queens County (Graci, J.), dated February 28, 1990, which, after a hearing, granted that branch of the motion of the defendant New York City Health & Hospitals Corporation which was for summary judgment dismissing the complaint insofar as it is asserted against it for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that she had failed to obtain personal jurisdiction over the defendant New York City Health & Hospitals Corporation (hereinafter the NYCHHC). The record discloses that the plaintiff's attorney served the summons and complaint in this action on an administrative assistant employed by the NYCHHC to perform general secretarial duties. The administrative assistant was clearly not an officer, director, managing agent, or cashier of the NYCHHC, and there is no evidence that she was an agent authorized by appointment or law to accept service on its behalf (see, CPLR 311 [1]). Further, while the administrative assistant agreed to accept the summons and complaint delivered by the plaintiff's attorney, it is undisputed that the attorney made no inquiry to determine the relationship of the administrative assistant to the NYCHHC, what duties she performed, or whether she was authorized to accept service of process. Moreover, the administrative assistant had never previously accepted service on behalf of the NYCHHC. Under these circumstances, we find that the plaintiff failed to meet her burden of establishing that the NYCHHC was properly served (see, Glasser v Kaswol Constr. Corp., 176 AD2d 858; Reed v Trailways Bus Sys., 146 AD2d 763; Hoffman v Petrizzi, 144 AD2d 437; Cadlett v St. John's Episcopal Hosp., 134 AD2d 394). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.