■ GAY C. HAILEY, Individually and as Administratrix of the Estate of ALFRED D. HAILEY, Deceased, Appellant, v HYSTER COMPANY, INC., Respondent.—In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Katz, J.), dated August 27, 1990, which granted the defendant's motion to dismiss the action for lack of personal jurisdiction, and (2) a judgment of the same court, entered October 31, 1990, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court

properly determined that the plaintiff failed to meet her burden of proving that she obtained jurisdiction over the defendant. The process server employed by the plaintiff served the summons and complaint in this action on an accounts payable clerk of Equipment Supply Corp., an authorized independent dealer of the defendant. The accounts payable clerk was clearly not an officer, director, managing agent, or cashier of the defendant, and there is no evidence that she was an agent authorized by appointment or law to accept service on its behalf (see, CPLR 311 [1]). An authorized independent dealer who handles products manufactured by a defendant is not a managing agent for the purpose of service of process (see, Wolf v Globe Hoist Co., 285 App Div 1167). The process server served an individual who was not employed by the defendant, at a location where the defendant did not maintain an office (see, Glasser v Kaswol Constr. Corp., 176 AD2d 858).

Further, while the accounts payable clerk agreed to accept the summons and complaint, it is undisputed that the process server made no inquiry to determine the relationship of the accounts payable clerk to the defendant, or what duties she performed, or whether she was authorized to accept service of process. There is nothing in the record to indicate that the accounts payable clerk ever accepted service of process on behalf of the defendant in the past. Under the circumstances, we find that the plaintiff failed to meet her burden of establishing that the defendant was properly served (see, Persaud v New York City Health & Hosps. Corp., 183 AD2d 705; Reed v Trailways Bus Sys., 146 AD2d 763). That the defendant actually did receive notice of the action did not serve to render the improper service valid (see, McDonald v Ames Supply Co., 22 NY2d 111). Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.