■ PATRICK DEWEY, Respondent, v HILLCREST GENERAL HOSPITAL, Appellant, et al., Defendants. [607 NYS2d 967] —In an action to recover damages for medical malpractice, the defendant Group Health Incorporated, doing business as Hillcrest General Hospital, and sued herein as Hillcrest General Hospital, appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated August 19, 1991, which, after a hearing, denied its motion for summary judgment and dismissed its affirmative defenses that the action was barred by lack of personal jurisdiction and by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendants is severed.

In 1989, plaintiff commenced this action against, inter alia, the defendant Hillcrest General Hospital, alleging various acts of malpractice in connection with the birth of his son in October 1979. The appellant answered, asserting the defense of lack of in personam jurisdiction. The appellant moved to dismiss the complaint in July 1990, inter alia, on the ground that service upon it was invalid under CPLR 311 (1). We find that the court erred in denying the motion.

When an affidavit of service is rebutted, the plaintiff has the burden of establishing by a preponderance of the evidence that service was valid (see, Frankel v Schilling, 149 AD2d 657). The appellant offered evidence that it sold the hospital building and property in 1980, that thereafter maintained an office in Manhattan, that the hospital was subsequently operated by Osteopathic Hospital and Clinic of New York Inc. (hereinafter Osteopathic), and that Osteopathic later sold the property to the Catholic Medical Center of Brooklyn and Queens, Inc. (hereinafter the Catholic Medical Center). At the time process was served, the hospital was operated by the Catholic Medical Center and had been renamed St. Joseph's Hospital. The process server delivered the summons at the hospital to an executive secretary, who agreed to accept service on behalf of "Hillcrest General Hospital". However, she was an employee of St. Joseph's Hospital, and she had

never been authorized by the appellant to accept service on its behalf. Under the circumstances, since the summons was not delivered to the appellant's place of business nor to one of its employees, service pursuant to CPLR 311 (1) was invalid *(see, e.g., McDonald v Ames Supply Co.,* 22 NY2d 111; *Glasser v Kaswol Constr. Corp.,* 176 AD2d 858; *Reed v Trailways Bus Sys.,* 146 AD2d 763; cf., *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265).

"Hillcrest General Hospital" was not the entity to be served, but was merely a trade name under which the appellant operated. The fact that the secretary indicated to the process server that she was authorized to accept service for "Hillcrest General Hospital" does not estop the appellant from contesting service, since the secretary was not acting on behalf of the appellant. Moreover, the correspondence to the plaintiff's attorney in 1986 regarding the infant plaintiff's medical records was from Osteopathic, not the appellant.

Since service was invalid, it is irrelevant that the documents were actually received by the appellant *(see, Raschel v Rish,* 69 NY2d 694; *Continental Hosts v Levine,* 170 AD2d 430). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.