ANN'S TRADING COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant.

Slip Op. 98–62.
Court No. 98–04–00897.

United States Court of
International Trade.

May 8, 1998.

Peter S. Herrick, Miami, FL, for Plaintiff.

Frank W. Hunger, Assistant Attorney General; Joseph I. Liebman, Attorney–in–Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Aimee Lee ); Sheryl A. French, of counsel, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, Washington, DC, for Defendant.

1. Plaintiff takes the position that it was not asserting seizure had occurred, and that it could seek release of the goods as excluded rather than seized because it had not received a form of seizure notice it thought mandatory within thirty

### Decision Denying Motion To Recuse

WALLACH, Judge.

On April 21, 1998, Plaintiff Ann's Trading Company, Inc. filed a Motion To Show Cause And Memorandum Of Law and a Request For An Emergency Hearing On Its Motion For An Order To Show Cause And For Entry Of An Order To Shorten The Period Of Time For The Defendant To Respond To This Request And The Complaint. The Motion was heard telephonically by the Court on April 22, 1998. At the hearing the Court denied immediate relief to Plaintiff, set the matter for an evidentiary hearing the following week, and ordered Plaintiff's counsel to show cause why he should not be sanctioned pursuant to USCIT R. 11 for filing a case without an adequate investigation.

On April 23, 1998, Plaintiff filed a Motion For Recusal seeking to remove the Judge from hearing any further matters in the case. Defendant filed a Memorandum In Response To Plaintiff's Motion For Recusal on April 28, 1998. For the reasons which follow that Motion is denied.

## I

### The Facts Relating To The Recusal Motion

Plaintiff's April 21st filing consisted of a Motion To Show Cause And Memorandum Of Law, a Declaration of Daniel Im made in support of the Motion, and a Complaint with attached Exhibits. According to the Complaint "... the Los Angeles Customs Port Director claimed the [handbags, totebags and backpacks shipped to Plaintiff] had been seized."[1] Complaint ¶ 5. The Motion sought an Order to Show Cause "... why the subject merchandise should not be immediately released." Motion To Show Cause at 2.

The Motion To Show Cause was heard the next day under the temporary restraining order standard promulgated in *Int'l. Maven, Inc. v. McCauley*, 12 CIT 55, 56–57, 678

days. Although its counsel characterizes the government's actions as an exclusion under 19 U.S.C. § 1499, Plaintiff's objections seem to be not that the merchandise was seized, but that it was improperly seized.

F.Supp. 300, 301 (1988). Thus, to obtain the relief sought Plaintiff had to show that it was likely to succeed on the merits, that it would suffer irreparable harm unless relief was granted, that the balance of hardships was in its favor, and that preliminary relief would not be contrary to the public interest. *See* *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed.Cir.1993).

At the hearing the Court inquired about Exhibit B to Plaintiff's Complaint which consisted of a letter from the Customs Service Port Director in Los Angeles in which she stated:

> The two entries in question, DT8-0339317-2 and DT8-0339301-6, were found to contain merchandise bearing counterfeit trademarks. It is the policy of the U.S. Customs Service to seize merchandise which bear counterfeit trademarks and/or piratical copyrights. Subsequently, the two shipments were seized under seizure numbers 1998-2704-000265-01 and 1998-2704-000257-01, respectively ... If you have any questions, please contact Jeff De-Haven at (310) 514-6991.

The Court's concern about those seizures was raised, as the Court informed Plaintiff's counsel, by the prior case of *CDCOM (U.S.A.) Int'l., Inc. v. United States*, 963 F.Supp. 1214 (CIT 1997) in which Mr. Herrick had filed a similar lawsuit seeking similar relief. There, the court had specifically held, quoting from *Milin Indus., Inc. v. United States*, 12 CIT 658, 659, 691 F.Supp. 1454 (1988) that:

> If Customs' action was an "exclusion," ... jurisdiction would lie with this Court under 28 U.S.C. § 1581(a) (1982) because Customs denied an importer's protest against the exclusion of merchandise.... If Customs' action was a "seizure," ... jurisdiction would lie with the United States District Court ... under 28 U.S.C. § 1356 (1982).

*CDCOM,* 963 F.Supp. at 1217.

In response to the Court's questions, Plaintiff's counsel stated, "... the Port Director said that it has been seized ... presumably she's a credible person ... but we've received no seizure notices." Seizure notices, according to Plaintiff's counsel, are produced by the Fines and Penalties Office.

The Court denied Plaintiff's Motion for immediate relief holding that the Im Declaration did not provide any basis for the extraordinary relief sought by Plaintiff because there was no showing of perishability and his discussion was so vague as to potential losses and that based on Counsel's statements and the Customs letter of April 15, a prima facie case for seizure had been made by Plaintiff. Accordingly, the Court also held that it would entertain a Motion for Attorney's Fees pursuant to USCIT R. 11. The Court did so, because, as it pointed out to Mr. Herrick, the strictures of Rule 11 require a party which files pleadings to show they are well-grounded in fact.

During the course of the hearing, the following colloquy occurred:

> The Court: "Once you had those seizure numbers what have you done to attempt to find out, if in fact, there were seizures. Not whether they were valid, but whether there were seizures?"

> Mr. Herrick: "Your Honor, I've just returned from New York to Miami and I was going to begin work on that today, so I have not had a chance to do that yet."

> The Court: "So what you're telling me, ... is that you filed this case without attempting to follow up on obtaining information on those seizures. Is that correct?"

> Mr. Herrick: "That's correct your honor."

> The Court: "Well, that's my point about your violation of Rule 11 Mr. Herrick, on its face."

Following that hearing, the Court, on April 22, 1998, issued an Order which provided, *inter alia:*

> The Court having noted that for the Court to grant a motion to show cause, the plaintiff must demonstrate: (1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) that the public interest is better served by issuing rather than by denying the injunction; and (4) that the balance of hardships to the parties favors the issuance of an

injunction. *International Maven, Inc. v. McCauley,* 12 CIT 55, 56–57, 678 F.Supp. 300, 301 (1988); *R.J.F. Fabrics, Inc. v. United States,* 10 CIT 735, 742, 651 F.Supp. 1431, 1436 (1986), and the Court having further noted that;

The Affidavit of Daniel Im attached to Plaintiff's Motion To Show Cause and the Exhibits to its Complaint fail to clearly identify immediate irreparable harm and neither its Motion To Show Cause nor the supporting materials clearly or adequately discuss the public interest or balancing of the hardships. Most importantly, however, Plaintiff's Exhibits, on their face, demonstrate that the goods in question were seized by Customs, and that this Court has no jurisdiction to hear this case. *See CDCOM (U.S.A.) International, Inc. v. United States,* 963 F.Supp. 1214 (CIT 1997). Plaintiff's counsel at oral argument of Plaintiff's Motion To Show Cause, argued that he was unsure the goods had actually been seized despite the written notice to that effect which he attached to the Complaint. He conceded, however, that he had failed to take any steps to determine the truth or falsity of that belief after he received written notice and before he filed Plaintiff's Complaint.

The Court then denied the Motion for immediate release, set an evidentiary hearing on Plaintiff's request for April 29th, and ordered that Plaintiff's counsel "show cause why . . . he shall not be sanctioned for presenting to the Court a motion unwarranted by existing law and unsupported by any reasonable inquiry regarding the facts stated therein, in violation of USCIT R. 11(b). . . ." [2]

On April 24, 1998, Plaintiff filed its Motion for Recusal.[3] The Motion was based on a Declaration Of Bias by Plaintiff's counsel which stated that the Court "has a personal bias or prejudice against plaintiff's counsel," based on arguments that:

1) the Court "exhibited prejudice by delineating this cause of action as a request for a preliminary injunction which it is not. The Court has demanded [4] that a representative of my client travel from Los Angeles and for me to travel from Miami to attend a hearing in New York on a request for preliminary injunction which we do not want . . .";

2) the Court "exhibited prejudice by ruling a seizures [sic] had taken place based on a letter issued by a Customs officer who is not responsible for making seizures";

3) the Court "exhibited prejudice by claiming I was required to inquire of Customs if there had been a seizure";

4) the Court "exhibited prejudice by *sua sponte* dismissing the motion to show cause with no evidence in the record to rebut plaintiff's allegations";

5) the Court "exhibited prejudice by ignoring evidence that no action had been taken on the protests which vests this court with jurisdiction to consider the exclusion";

6) the Court "exhibited prejudice by not accepting the avenues I had chosen to determine the reasons Customs was excluding plaintiff's merchandise"; and

7) the Court "exhibited prejudice by *sua sponte* initiating a USCIT R. 11 proceeding against me. This has a 'chilling' effect on my

---

**2.** Immediately following oral argument of the instant Motion, the Court heard testimony regarding Plaintiff's Emergency Motion as well as argument relating to Defendant's Motion For Attorney's Fees and the Court ordered a show cause hearing pursuant to Rule 11. Based upon factual statements raised by Plaintiff's counsel, the Court has delayed ruling on those matters to give Plaintiff an opportunity to submit evidentiary material in a format proper under the standards of USCIT R. 56(e).

**3.** The Motion was brought pursuant to USCIT Rule 1, Fed.R.Civ.P. 63 and 28 U.S.C. § 144. At oral argument Plaintiff's counsel stated that he had overlooked the existence of USCIT R.

77(e)(5) which is this court's version of Fed. R.Civ.P. 63 and which contains identical language. Plaintiff's counsel informed the Court that his citation to USCIT R. 1 and Fed.R.Civ.P. 63 were solely procedural for the purpose of obtaining a new judge if the current judge was disqualified. The substance of his Motion was solely related to 28 U.S.C. § 144.

**4.** A review of the record of the April 22, 1998 hearing does not show any demand that a representative of Plaintiff travel from Los Angeles. Plaintiff's counsel was, however, informed that he would have an opportunity to present evidence, including witnesses, at an evidentiary hearing.

zealous representation of my client and has created a 'hostile' environment in which the hearing scheduled for April 29, 1998 will be conducted."

The Government filed an opposition to Plaintiff's Motion For Recusal on April 28, 1998.

Oral argument of Plaintiff's Motion was heard prior to other pending Motions on April 29, 1998.

## II

## Discussion

### A

28 U.S.C. § 144 And The Cases Which Interpret It Make It Clear That A Recusal Motion Must Be Based Either On An Extrajudicial Source Or Reveal Such A High Degree Of Favoritism Or Antagonism As To Make Fair Judgment Impossible

■ Since its enactment, the courts have construed Section 144[5] very narrowly. Charles A. Wright, Arthur R. Miller & Edward H. Cooper *Federal Practice and Procedure: Jurisdiction 2d*, § 3542 at 555 (1984); Toni–Ann Citera, *A Look At The Extrajudicial Source Doctrine Under 28 U.S.C. 455*, 85 J.Crim.L. & Criminology 1114, 1117 (1995); *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir.1987) (in light of its strict requirements, disqualification was difficult

under section 144). Indeed, section 144's requirements place a heavy burden on the party seeking recusal. In order to prove the affidavit's sufficiency, the party must: 1) allege specific material facts showing bias; 2) prove that these facts amount to personal bias; and 3) show that the facts are sufficient to convince a reasonable person that bias actually exists. *Id.* (*citing Parrish v. Bd. of Comm'rs*, 524 F.2d 98, 100 (5th Cir.1975)).

■ Moreover, the alleged bias must either "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case,"[6] *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) or reveal such a "high degree of favoritism or antagonism as to make fair judgment impossible."[7] *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147 (illustrating situation in case where judge made statement that German–Americans' hearts reek with disloyalty); *see also Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir.1975) *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976) (also referred to as the "pervasive bias exception" to the extrajudicial source rule).

Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147 (proper grounds for appeal, not for recusal).[8] In addition, "judicial remarks during

---

**5.** Section 144 provides that:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may only file one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**6.** The Supreme Court in *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), clarified that the extrajudicial source doc-

trine is "the only common basis, but not the exclusive one" for disqualifying a judge. *Id.* at 551, 114 S.Ct. 1147 (emphasis omitted). "[N]either the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence." *Id.* at 554–555, 114 S.Ct. 1147 (emphasis omitted).

**7.** The Supreme Court has noted that this "favoritism" would occur only in the "rarest" of circumstances. *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147.

**8.** The Court noted that judicial rulings cannot possibly be shown to derive from an extrajudicial source and only in the rarest circumstances show the degree of favoritism or antagonism required for disqualification. *Id.* at 555, 114 S.Ct. 1147.

the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.; see e.g., U.S. v. Roach,* 108 F.3d 1477, 1484 (D.C.Cir.1997) (Judge's comments that contempt motion against defendant was strong did not warrant recusal). The Court also explained that "expressions of impatience, dissatisfaction, annoyance and even anger," do not establish bias. *Liteky,* 510 U.S. at 555–56, 114 S.Ct. 1147.

■■■ Indeed, "the federal recusal statutes, in all but the most extreme circumstances, require a showing that the judge is (or appears to be) biased or prejudiced against a party, not counsel." *Standing Committee on Discipline of United States District Court for Central District of California v. Yagman,* 55 F.3d 1430, 1444 (9th Cir.1995). Otherwise, "[l]awyers, once in a controversy with a judge, would have a license under which the judge would serve at their will," *Davis v. Board of School Commissioners,* 517 F.2d at 1050.

Those standards govern the analysis of Plaintiff's contentions in its Motion For Recusal.[9]

### B

Plaintiff's Motion Fails To Allege The Existence Of Either An Extrajudicial Source Or Such A High Degree Of Favoritism Or Antagonism As To Make Fair Judgment Impossible, And Is, Accordingly, Denied

■■■ A federal judge challenged by a recusal motion "... has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge." *U.S. v. Haldeman,* 559 F.2d 31, 131 (D.C.Cir.1976). Thus, "[t]he decision on such a motion is left, in the first instance, to the trial court's discretion." *Hewlett–Packard Co. v. Bausch &*

*Lomb Inc.,* 882 F.2d 1556, 1567 (Fed.Cir. 1989).

At oral argument Plaintiff's counsel conceded that he was not alleging the existence of any evidence of bias or prejudice directed against his client.[10]

Thus, this Court must determine whether section 144 bias or prejudice exists, under the standards above enunciated based on Plaintiff's allegations that the Court exhibited prejudice by 1) improperly delineating Plaintiff's Motion as a request for a preliminary injunction and setting an evidentiary hearing; 2) allegedly ruling a seizure had taken place; 3) holding Plaintiff's counsel was required to inquire of Customs if there had been a seizure; 4) allegedly *sua sponte* dismissing the motion to show cause with no evidence in the record to rebut Plaintiff's allegations; 5) allegedly ignoring evidence which Plaintiff claimed supported its position and 6) not accepting the "avenues" Plaintiff had chosen to determine why Plaintiff's merchandise was "exclud[ed]"; and 7) *sua sponte* initiating a USCIT R. 11 proceeding against Plaintiff's counsel. The Court will discuss those claims *seriatim.*

### 1

Improper Characterization Of A Motion Is Not Evidence Of Bias Or Prejudice

■■■ It seems self-evident that without more, the Court's ruling that Plaintiff's Emergency Motion was subject to TRO/Preliminary Injunction standards under the authority cited above could not constitute bias or prejudice under the standards of *Liteky.* The determination was made within the case, and there is no allegation of such a "high degree of favoritism or antagonism as to make fair judgment impossible." To hold otherwise would mean, of necessity, that whenever a judge ruled against a party's position he or she would be subject to recusal. While, that is a standard for which all counsel have, no doubt, at some time most

---

9. At oral argument Plaintiff's counsel said he had not read *Liteky* and was unfamiliar with the extrajudicial source doctrine.

10. The Court: "Now, did the Court make any statements which indicated any sort of personal bias against your client?"

Mr. Herrick: "No."
Transcript of April 29, 1998 hearing, p. 7 at lines 16–19.

devoutly wished, it is not the law. The same analysis applies to Plaintiff's second, fourth, fifth and sixth claims.[11]

### 2

### A Court's Issuance Of An Order To Show Cause Under Rule 11 Can Not, Without More, Constitute A Legitimate Basis For Recusal Under § 144

■ Plaintiff's other allegations of bias and prejudice were based on the court's *sua sponte* initiation of a USCIT R. 11 proceeding against Plaintiff's counsel for his failure, after receiving the April 15th letter, to inquire of Customs if there had been a seizure before filing an action in which the Court would have no jurisdiction where the goods had been seized.

USCIT R. 11 provides, in part, that:

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney ... to show cause why it has not violated subdivision (b) with respect thereto.

USCIT R. 11(c)(1)(B).

If the entry of such an order on the Court's own initiative was itself indicative of bias or prejudice, the rule would be essentially vitiated.

Similarly, USCIT R. 11(b) provides that an attorney's signature on a pleading or motion constitutes a certification that to the best of that person's knowledge, information or belief, after reasonable inquiry, claims are warranted by existing law or by a non-frivolous argument for the law's extension, and that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...."

Plaintiff's assertion of jurisdiction where seizure deprives the court of jurisdiction, was made in the face of its counsel's receipt of written information to the contrary before this action was filed. Despite such plain notice, including seizure numbers, counsel declined to investigate whether there was any reasonable basis for believing no seizure had actually occurred. Instead, he chose to rest on his assertion that Customs' failure to timely send seizure notices in what he asserted was the only proper format somehow made Customs' action something other than a seizure.

The validity or invalidity of that argument is a matter for the Court to determine and for a court of appeals to review. It does not, however, give rise to a claim of bias because counsel disagrees with the Court. Otherwise, as with the prior analysis, every time a court took action under Rule 11(b) it would be subject to challenge for bias.

### III

### Conclusion

Plaintiff has raised no other basis for its allegation of bias or prejudice other than those above discussed. Under the standards discussed in Section II A, the Court specifically finds that the bases alleged by Plaintiff are insufficient for a finding of bias or prejudice. Plaintiff has neither identified an extrajudicial source, nor any degree of favoritism or antagonism which might make a fair judgment impossible. Accordingly, Plaintiff's Motion To Recuse must be denied.

### ORDER

Plaintiff's Motion For Recusal in the above-entitled case having come before the Court for decision, Plaintiff being represented by and through Peter S. Herrick and Defendant being represented by and through Aimee Lee, of the International Trade Field

---

11. Plaintiff complains that the Court allegedly ruled a seizure had taken place and allegedly *sua sponte* dismissed the motion to show cause with no evidence in the record to rebut Plaintiff's allegations. Plaintiff misapprehends the Court's rulings. The Court found that there was insufficient evidence to justify the issuance of Plaintiff's requested emergency order under the TRO standard it found applicable. The Motion, however, was not dismissed and Plaintiff was specifically given the opportunity to present evidence to support his motion and claim no seizure had occurred at an evidentiary held under the preliminary injunction hearing standard the Court found applicable.

Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; and the Court, having reviewed the papers and pleadings on file herein, having held an evidentiary hearing on this matter, having heard oral argument by each party, and after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED ADJUDGED AND DECREED that the Motion For Recusal be, and hereby is, DENIED.