**LINK GROUP INTERNATIONAL, L.L.P., Plaintiff,**

v.

**TOYMAX (H.K.) LIMITED, Defendant.**

**No. Civ.A. 3:99CV1103JCH.**

United States District Court, D. Connecticut.

Sept. 26, 2000.

Ronald J. Cohen, Patricia E. Reilly, Tyler, Cooper & Alcorn, New Haven, CT, Paul K. Vickrey, Paul C. Gibbons, Sally Wiggins, Niro, Scavone, Haller & Niro, Chicago, IL, for plaintiff.

Mark S. Gregory, Kelley Drye & Warren, Stamford, CT, Jonathan K. Cooperman, Kelley, Drye & Warren, New York, NY, Paul K. Vickrey, Niro, Scavone, Haller & Niro, Chicago, IL, for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS [DKT. NO. 11]

HALL, District Judge.

This case arises out of a dispute over the development of a toy called Laser Challenge. In a related action also before this court, Civil Action Number 3:97–cv–670 (JCH) ("Toymax, Inc.case"), the plaintiff, Link Group International, L.L.P. ("Link Group") originally sued Toymax, Inc. ("Toymax, Inc.") for the same causes of action as are included in the complaint in this case. That related case is trial ready.

The plaintiff attempted in the Toymax, Inc. case to add Toymax (H.K.) Limited ("Toymax H.K.") and/or Toymax International, Inc. ("Toymax Int'l")[1] as defendants. When that motion was denied, the plaintiff moved for reconsideration and also moved to consolidate this action with that one. Both motions were denied for failure to allege sufficient commonality of issues and because adding a new defendant at a late stage in that case would likely delay trial. *See* Endorsement Ruling dated January 13, 1999 (3:97–cv–670, Dkt. No. 94); Ruling on Motion for Reconsideration and Motion to Consolidate dated March 17, 2000 (3:97–cv–670, Dkt. No. 185).

Toymax H.K. now moves to dismiss the complaint in this case pursuant to Fed. R.Civ.P. 12(b)(2) and 12(b)(5) on the grounds that (1) the plaintiff is collaterally estopped from seeking to sue Toymax H.K. on the same causes of action included in the Toymax, Inc. case; (2) service of process in this matter was improper; and (3) the court lacks personal jurisdiction over Toymax H.K. Memo. of Law in Support of Defendant's Motion Pursuant to Fed.R.Civ.P. 12(b)(2) to Dismiss the Complaint (Dkt. No. 12). For the reasons stated herein, the defendant's Motion to Dismiss Complaint [Dkt. No. 11] is GRANTED.

## I. COLLATERAL ESTOPPEL

As a preliminary matter, the court finds that the issues the court must decide on this motion differ from the issues adjudicated in the court's rulings in the Toymax, Inc. case, and therefore the doctrine of collateral estoppel does not apply. "[C]ollateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and *decided* in the prior proceeding, as long as that determination

---

1. Toymax International, Inc. is evidently now the parent company of both Toymax, Inc. and

Toymax H.K. Declaration of Sanford B. Frank (Dkt. No. 13) at ¶ 3.

was essential to that judgment." *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 198 F.3d 342, 346 (2d Cir. 1999) (emphasis added) (citation and internal quotation marks omitted). Toymax H.K. argues that, because the court denied the plaintiff's motion to amend to add Toymax Int'l as a defendant, stated that it would not allow Toymax Int'l or Toymax H.K. to be added as defendants in its ruling on plaintiff's motion for reconsideration, and declined to consolidate the two actions, the court has effectively ruled that Link Group cannot sue Toymax H.K. This is a misinterpretation of the court's prior rulings.

In its January 13, 1999, endorsement on Link Group's Motion to Amend, the court ruled that "addition of Toymax Int'l, Inc. is denied," and noted, "Mere ownership of defendant Toymax Inc. does not make Toymax Int'l liable. Further, the plaintiff had at least one prior opportunity to state a claim against TII and did not do so." Endorsement Ruling dated January 13, 1999 (3:97–cv–670, Dkt. No. 94). Thus, nothing in the court's original ruling directly addressed the issue of whether there was jurisdiction over Toymax H.K. as a defendant and whether Link Group could state a cause of action against Toymax H.K. In its motion to reconsider, Link Group made clear that it wanted to add Toymax H.K. as a defendant, whether or not it had made that clear in its original motion. The court declined to reconsider its prior ruling because "plaintiff now appears to be seeking leave to add Toymax Hong Kong as a defendant [instead of Toymax Int'l]" and therefore "plaintiff's motion falls in a category of arguments for which reconsideration is inappropriate," i.e., motions seeking to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Ruling on Motion for Reconsideration (3:97–cv–67, Dkt. No. 185) (citing *Philbrick v. University of Conn.*, 51 F.Supp.2d 164, 165 (D.Conn.1999)). In addition, the court noted that judicial economy did not favor adding Toymax H.K. to the suit against

Toymax, Inc. Similarly, the court denied Link Group's motion to consolidate these two cases because the two cases were "at ... widely separate stages of preparation" (citing *Almonte v. Coca–Cola Bottling Co.*, Civ. No. 3:95–cv–01458 (PCD), 1996 WL 768158, at *2 (D.Conn.1996)) and finding that "delaying the Toymax Inc. case ... would unfairly prejudice Toymax." Ruling on Motion for Reconsideration (3:97–cv–670, Dkt. No. 185).

In no portion of either ruling did the court rule on any aspect of the merits of the Toymax H.K. case, nor did it express a view as to whether this court had personal jurisdiction over Toymax H.K. or whether service of process on Toymax H.K. was proper. In fact, the court specifically noted that "there are several factual and legal problems, including issues of personal jurisdiction and agency, that must be resolved in the [Toymax H.K.] case before [it] will be at the same point as the [Toymax, Inc.] case." *Id.* The court at no time has ruled on the issue of whether Link Group may bring suit against Toymax H.K.; it merely declined to allow Link Group to bring suit against Toymax H.K. in the same proceeding as its suit against Toymax, Inc. Therefore, Link Group is not collaterally estopped from suing Toymax H.K. in a proceeding totally independent of the Toymax, Inc. case, which it now has done.

## II. SERVICE OF PROCESS

Toymax H.K. also moves to dismiss Link Group's complaint for improper service of process. "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Cole v. Aetna Life & Cas.*, 70 F.Supp.2d 106, 109 (D.Conn.1999). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service

of process was adequate." *Id.* at 110 (citations omitted).

Here, the court finds that Link Group failed to effect proper service on Toymax H.K. as required by Fed.R.Civ.P. 4(h). Under Rule 4(c)(1), a "plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."

Toymax H.K. is a limited corporation organized under Hong Kong law with its principal place of business in Hong Kong. Complaint (Dkt. No. 1) at ¶ 3; Declaration of Sanford B. Frank (Dkt. No. 13) at ¶ 3. Thus, Toymax H.K. is a foreign corporation, such that Fed.R.Civ.P. 4(h) mandates the proper method of service of process. Rule 4(h) provides in pertinent part:

> Unless otherwise provided by federal law, service upon a ... foreign corporation ..., and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant....

Fed.R.Civ.P. 4(e)(1) provides that,

> [u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an

action brought in the courts of general jurisdiction of the State....

Fed.R.Civ.P. 4(m) provides that, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Rule 4(m) also mandates that, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Here, it is undisputed that plaintiff sought to serve Steven Lebensfeld by serving his assistant Donna Varon with a copy of the summons and complaint at Toymax, Inc.'s offices in Plainview, New York. "Under the federal rules, a plaintiff may not serve an individual defendant by leaving a copy of the summons and complaint with a person of suitable age and discretion at the person's place of business," and further, "a plaintiff may not serve a corporation by leaving a copy of the summons and complaint with a person of suitable age and discretion at the corporation's headquarters." *Melkaz Int'l Inc. v. Flavor Innovation Inc.*, 167 F.R.D. 634, 640 (E.D.N.Y.1996).

Link Group could, however, effect service "pursuant to the law of the state in which the district court is located," in this case Connecticut, "or in which service is effected," i.e., New York. Fed.R.Civ.P. 4(e)(1). Conn.Gen.Stat. § 52–57(c) provides:

> In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the

corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.

Section 52–57(c) also provides that "[i]n actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33–922."[2]

New York C.P.L.R. 311(a) provides that "[p]ersonal service upon a corporation ... shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Rule 311(a) further provides that "[a] business corporation may also be

served pursuant to section three hundred six or three hundred seven of the business corporation law."[3]

Clearly Lebensfeld's assistant was not herself "an officer, director, managing or general agent, or cashier or assistant cashier" of Toymax H.K. for purposes of New York C.P.L.R. 311(a), nor any of the persons listed in Conn.Gen.Stat. §§ 33–929(a) or 52–57(c). Moreover, Link Group makes no allegations that Lebensfeld's assistant was "any other agent authorized by appointment" to receive service of process for Toymax H.K. for purposes of Rule 311(a), nor that she was "the person in charge of the business of the corporation or upon any·person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located" for purposes of section 52–57(c).

Rather, Link Group seeks to rely upon the "principle of redelivery" under New

2. Conn.Gen.Stat. § 33–922(a) mandates:

A foreign corporation may apply for a certificate of authority to transact business in this state by delivering an application to the Secretary of the State for filing. The application shall set forth: (1) The name of the foreign corporation or, if its name is unavailable for use in this state, a corporate name that satisfies the requirements of section 33–925; (2) the name of the state or country under whose law it is incorporated; (3) its date of incorporation and period of duration; (4) the street address of its principal office; (5) the address of its registered office in this state and the name of its registered agent at that office; and (6) the names and respective business and residence addresses of the directors and officers of the foreign corporation; except that if good cause is shown, the Secretary of the State may accept business addresses in lieu of business and residence addresses of the directors and officers of the corporation. Further, Conn.Gen.Stat. § 33–929(a) provides:

The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation. When the registered agent is other than the Secretary of the State and his successors in office, service

may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process, notice or demand with such agent or, in the case of an agent who is a natural person, by leaving it at such agent's usual place of abode in this state.

3. Section 306(a) of the New York Business Corporation Law provides that "[s]ervice of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant." Section 306(c) provides that, "[i]f an action or special proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the domestic or foreign corporation is within the territorial jurisdiction of the court." Section 307(a) of the New York Business Corporation Law mandates that, "[i]n any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter."

York law to establish the propriety of the service of process it attempted to effect upon Toymax H.K.[4] Toymax H.K. denies that Lebensfeld's assistant was authorized to accept service on behalf of Toymax H.K. and further argues that Lebensfeld is not "an officer, director, managing or general agent" of Toymax H.K. for purposes of New York C.P.L.R. 311(a). *See* Frank Decl. at ¶ 18. The court finds that it need not reach the issue of whether Lebensfeld was authorized to accept service of process for Toymax H.K., because Link Group has failed to sustain its burden of proof under the theory of proper service under New York law upon which it relies.

■ As the district court in *Melkaz Int'l* explained, "New York courts have embraced a more flexible approach to personal service upon corporations, known as the principle of 'redelivery.' " 167 F.R.D. at 641.

The New York Court of Appeals first recognized this theory in *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 291 N.Y.S.2d 328, 238 N.E.2d 726 (1968). Although service was found to be improper in that case, the court determined that, as a general rule, service on a corporation will be upheld if: (a) the process server acts with due diligence in attempting to fulfill the statutory requirements of personal delivery, i.e., he or she ascertains that the recipient is a company employee; (b) the process server nevertheless serves a person not authorized to accept service; and (c) the recipient then redelivers the papers to one who is authorized to accept service. *Id.*, 22 N.Y.2d at 115, 291 N.Y.S.2d at 331, 238 N.E.2d at 726. *See also Leo v. General Electric Co.*, 111 F.R.D. 407, 412–13 (E.D.N.Y.1986). The redelivery must be "so close both in time and space that it can be classified as part of the same act." *McDonald*, 22 N.Y.2d at 115, 291 N.Y.S.2d at 332, 238 N.E.2d at 728 (quoting *Green v. Morningside Heights Housing Corp.*, 13 Misc.2d 124, 125, 177 N.Y.S.2d 760 (N.Y.Sup.1958), *aff'd*, 7 A.D.2d 708, 180 N.Y.S.2d 104 (1st Dep't 1958)).

Following *McDonald*, the New York Court of Appeals has found service of process to be valid where "the process server has gone to [the corporation's] offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their own directions." *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 273, 428 N.Y.S.2d 890, 894, 406 N.E.2d 747, 751 (1980). In determining whether service under these circumstances is acceptable, the reviewing court must assess whether "service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice...." *Id.*, 50 N.Y.2d at 272, 428 N.Y.S.2d at 894, 406 N.E.2d at 751.

*Id.* at 641–42 (citation omitted). The *Melkaz Int'l* court noted also that "[t]he concept of 'redelivery' has been fully embraced and broadly interpreted by courts within the Second Circuit," and "several courts have interpreted the concept of redelivery to support the validity of service upon a corporation's receptionist or secretary." *Id.* at 641, 642 (collecting cases).

■ Link Group has produced no evidence nor made any allegation that Lebensfeld's assistant or anyone else at Toymax, Inc.'s New York offices directed the process server to leave the summons and

---

**4.** Link Group also argues that "[e]ven Toymax deemed this to be service upon Lebensfeld." Response in Opp. to Toymax HK's Motion to Dismiss at 8. Link Group quotes a letter from counsel for Toymax H.K.: "We have been advised by Mr. Steven Lebensfeld that he was served with a copy of a complaint in the above-referenced action." *Id.* (quoting Ex. M). However, the next line in that Septem- ber 10, 1999, letter from counsel for Toymax H.K. to Link Group's counsel asserts that "[s]ervice upon Mr. Lebensfeld is improper since Mr. Lebensfeld is not a director of Toymax (H.K.) Limited and is not authorized to accept service of process on behalf of Toymax (H.K.) Limited." *Id.*, Ex. M. Toymax H.K. can hardly, therefore, be deemed to have admitted proper service upon Lebensfeld.

complaint with Lebensfeld's assistant for purposes of serving Toymax H.K. *See Fashion Page,* 428 N.Y.S.2d 890, 406 N.E.2d at 751; *see also Am. Inst. of Certified Pub. Accountants v. Affinity · Card, Inc.,* 8 F.Supp.2d 372, 378 (S.D.N.Y.1998) ("It is well settled under New York law that service is effective where the process server reasonably relies on an employee's representations that she is authorized to receive service of process on behalf of the defendant."); *Evergreen Marine Corp. v. Welgrow Int'l Inc.,* 942 F.Supp. 201, 205 (S.D.N.Y.1996) (same); *Melkaz Int'l,* 167 F.R.D. at 642–43 (finding proper service of process because of testimony that process server was told to deliver the summons and complaint to an employee of the defendant corporation). Link Group also produced no evidence that "the process server 'reasonably believed' that the person served was authorized to receive service of process on behalf of the defendant." *SoloSpar, Inc. v. Equinox Fitness Ctr., Inc.,* No. 96 Civ.9449, 1998 WL 386179, at *4 (S.D.N.Y. July 7, 1998) (citations omitted); *see also Persaud v. N.Y. City Health & Hosps. Corp.,* 183 A.D.2d 705, 583 N.Y.S.2d 307, 308 (N.Y.A.D.1992) ("Further, while the administrative assistant agreed to accept the summons and complaint delivered by the plaintiff's attorney, it is undisputed that the attorney made no inquiry to determine the relationship of the administrative assistant to the NYCHHC, what duties she performed, or whether she was authorized to accept service of process."). Link Group further failed to prove that it went to Toymax H.K.'s own offices, rather than Toymax Inc.'s offices. *See Fashion Page,* 428 N.Y.S.2d 890, 406 N.E.2d at 751; *see also Leo v. Gen'l Elec. Co.,* 111 F.R.D. 407, 412 (E.D.N.Y.1986) ("Nevertheless, the process server must do what is reasonable to see that notice is properly delivered, which includes, going to the corporation's regular place of business, relying on company employees to identify proper persons to accept service and delivering the summons according to their directions."). Further, Link Group has produced no evidence that Lebensfeld's assistant promptly redelivered the summons and complaint to Lebensfeld, assuming Lebensfeld was himself a proper person authorized to accept service for Toymax H.K., such that redelivery was "so close both in time and space that it can be classified as part of the same act." *McDonald,* 291 N.Y.S.2d 328, 238 N.E.2d at 728; *see also Seward & Kissel v. Smith Wilson Co., Inc.,* 814 F.Supp. 370, 375 (S.D.N.Y.1993) ("Because the process server used due diligence, and the summons and complaint were redelivered upon the process server's departure (according to the secretary), service of process was effective.").

Accordingly, the court finds that Link Group has failed to sustain its burden of proving that service of process on Toymax H.K. was adequate under the New York state law principle of redelivery.[5]

Thus, contrary to Link Group's assertion in its Response in Opposition to Toymax HK's Motion to Dismiss [Dkt. No. 17], service upon Lebensfeld's assistant did not constitute proper service under Rule 4(h), because such service is not authorized by Connecticut law, New York law, Rule 4(e)(1), or Rule 4(h)(1). Link Group's failure to effect proper service upon Toymax H.K. therefore deprives the court of personal jurisdiction over Toymax H.K. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

---

**5.** Link Group also argues that service of process was adequate because Toymax H.K. allegedly had actual notice of Link Group's complaint. This argument has been long-since rejected by the Second Circuit: "A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss" for failure to serve a summon and complaint. *Martin v. N.Y. State Dep't of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir.1978).

## III. CONCLUSION

For the foregoing reasons, the court grants Toymax H.K.'s Motion to Dismiss Complaint [Dkt. No. 11].[6] However, pursuant to Fed.R.Civ.P. 4(m), the court orders that Link Group should effect proper service upon Toymax H.K. within sixty (60) days of the date of this ruling.

**SO ORDERED.**

---

**6.** Because the court finds that Link Group failed to effect proper service of process upon Toymax H.K., the court does not reach Toymax H.K.'s alternative ground for dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).