Teitelbaum v North Shore- Long Is. Jewish Health Sys., Inc. (2018 NY Slip Op 02824)





Teitelbaum v North Shore- Long Is. Jewish Health Sys., Inc.


2018 NY Slip Op 02824


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-01684
 (Index No. 11099/12)

[*1]Jan Michael Teitelbaum, appellant, 
v
North Shore- Long Island Jewish Health System, Inc., respondent.


Goldstein & Goldstein, P.C., Brooklyn, NY (Mark I. Goldstein and Cindy A. Moonsammy of counsel), for appellant.
James W. Tuffin, Islandia, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered February 11, 2016. The judgment, upon an order of the same court entered December 1, 2015, made after a hearing, denying the plaintiff's motion pursuant to CPLR 3215(a) for leave to enter judgment on the issue of liability against the defendant upon its failure to appear or answer and granted the defendant's cross motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of personal jurisdiction, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is affirmed, with costs.
On May 25, 2012, the plaintiff commenced this action against the defendant to recover damages for, inter alia, medical malpractice. In May 2013, the plaintiff moved pursuant to CPLR 3215(a) for leave to enter judgment on the issue of liability against the defendant upon its failure to appear or answer the complaint. The following month, the defendant cross-moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of personal jurisdiction. On October 10, 2013, the Supreme Court entered an order denying the plaintiff's motion and granting the defendant's cross motion. On appeal by the plaintiff, this Court found that an affidavit submitted by the defendant in opposition to the plaintiff's motion and in support of its cross motion, from the director of health information management at nonparty Long Island Jewish Medical Center (hereinafter LIJMC), was sufficient to rebut the allegations contained in an affidavit of service of the plaintiff's process server and raise issues of fact as to whether the defendant was properly served (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 123 AD3d 1006). Consequently, the matter was remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served and, thereafter, for a new determination of the plaintiff's motion and the defendant's cross motion. Upon remittitur, the Supreme Court issued an order entered December 1, 2015, which, after a hearing, denied the plaintiff's motion and granted the defendant's cross motion. A judgment dismissing the complaint was entered upon the order on [*2]February 11, 2016.
When an affidavit of service is rebutted, the plaintiff bears the ultimate burden of proving by a preponderance of the credible evidence that jurisdiction over the defendant was obtained by proper service of process (see Santiago v Honcrat, 79 AD3d 847, 848; Roberts v Anka, 45 AD3d 752, 753; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343). The Supreme Court's credibility determinations following a hearing are entitled to substantial deference on appeal, and should not be overturned if supported by a fair interpretation of the evidence (see Santiago v Honcrat, 79 AD3d at 848; Freud v St. Agnes Cathedral School, 64 AD3d 678, 679; Staton v Omwukeme, 277 AD2d 443).
Here, the plaintiff's process server testified that he served the defendant at the health information management department at the address of LIJMC in New Hyde Park (see CPLR 311[a][1]). The process server further testified that he delivered the summons and complaint to an individual identified by first name only, who claimed that she was authorized to accept service for the defendant, and he provided a physical description of that individual in his affidavit of service, as well as at the hearing. The defendant offered evidence that no employee of LIJMC's health information management department was authorized to accept service on behalf of the defendant, neither the director nor the associate director of health information management knew the person named or described by the process server as the recipient of process, there was no indication in the business records of LIJMC or of the defendant that a summons and complaint in this matter had been received, and the defendant was located at a separate address in Great Neck, which is also the address designated for service of process. Under these circumstances, since the summons was not delivered to the defendant's place of business or to one of its employees, service pursuant to CPLR 311(a)(1) was invalid (see McDonald v Ames Supply Co., 22 NY2d 111, 116; Dewey v Hillcrest Gen. Hosp., 201 AD2d 609, 610; Hailey v Hyster Co., 190 AD2d 711; Glasser v Kaswol Constr. Corp., 176 AD2d 858, 859; Reed v Trailways Bus Sys., 146 AD2d 763, 764; cf. Fashion Page v Zurich Ins. Co., 50 NY2d 265). Accordingly, the Supreme Court's determination will not be disturbed.
Therefore, the plaintiff's motion for leave to enter a judgment on the issue of liability against the defendant was properly denied, and the defendant's cross motion to dismiss the complaint on the ground of lack of personal jurisdiction was properly granted, and judgment was properly entered dismissing the complaint.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court