Arthur G. Klein, J.
This is an application for leave to file a notice of claim nunc pro tunc as of the day before the day on which it was actually filed. The accident occurred March 25, 1965; the last day to file ivas June 23, 1965; the notice of claim, filed June 24, was rejected.
No claim is made by applicant that she ivas incapacitated in any way. Rather, it is asserted that the notice of claim was timely tendered and should have been accepted by the respondent as timely filed.
*705 The moving papers assert that at 4:20 p.m. on June 23 applicant’s attorney, the notice of claim on his person, called at the office of the respondent at 605 West 132nd Street, the only address listed for the respondent in the Manhattan telephone directory. There he was directed by the personnel department to one Keane, an attorney for the Authority in the adjoining building.
When claimant’s attorney made his intentions known to the elevator operator and guard in the lobby, he states he was told Mr. Keane might have left.
The claimant’s attorney then offered to leave the notice with anyone in Keane’s office, but was advised that there was no point in going up there as the notice would not be accepted. He was advised to go to respondent’s claims department at East 126th Street and Second Avenue, some distance away. When he requested permission to go up to Keane’s office, the elevator operator refused.
He then proceeded across town; and by the time he arrived there, the claims department was closed for the day, according to the moving papers. The notice was served the following day and rejected as not timely served. This application followed.
In opposition to this motion, the Authority asserts: (1) the claimant was not incapacitated during the 90-day period; (2) by notice published in the New York, Law Journal [date not given], notices of claim against the Manhattan and Bronx Surface Transit Operating Authority are to be filed at the claims’ department at 2460 Second Avenue between 8:30 a.m. and 5:30 p.m. ; (3) appellant’s delay in attempting to file, until the last day, ought to preclude him in any event; (4) appellant’s attorney could have served a notice of claim by registered mail until midnight; (5) the Authority has no way of verifying the accuracy of the attorney’s statement concerning his attempt at service.
The Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) is created by section 1203-a of the Public Authorities Law. By subdivision 2 of section 1212 of the Public Authorities Law, compliance with the requirements of section 50-e of the General Municipal Law is a condition precedent to the maintenance of an action against the Authority in tort.
The relevant subdivision of section 50-e of General Municipal Law provides in part: “ 3. The notice shall be served * * * by delivering a copy thereof, in duplicate, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered
*706 The Authority is, by definition, a “public corporation (General Corporation Law, § 3; cf. General Municipal Law, § 50-e, subd. 1.)
The person to whom a summons issued out of this court, against the Authority, shall be delivered, does not appear to be designated by statute. Accordingly service, as on any corporation, upon an officer, director, managing or general agent (CPLR 311) would be sufficient. Presumably, at 4:20 p.m. on a business day, such an officer or agent was present at the Authority’s main office; if not, his deputy, who performs his duties during his absence (Public Officers Law, § 9).
Accordingly, if an attorney, with the properly executed notice of claim on his person, calls at the only office listed in the telephone directory for the respondent, and then and there makes tender of a notice of claim to personnel at the Authority’s personnel department at its main office, this court, sitting as a court of equity, will treat the notice of claim as filed, on the familiar principle that equity treats that as done which ought to have been done (Bispham’s Principles of Equity [11th ed., 1934], § 23).
So, too, this court should not permit elevator operators, building guards or other building employees to interfere with the normal service of papers. If papers are tendered at an office by an attorney, and he is prevented from effectuating such service, this court will treat such papers as duly served (Gandolfo v. Village of Ossining, 4 A D 2d 762, 763 [2d Dept., 1957]).
Respondent should not be heard to assert that, hidden somewhere, perhaps on a musty library shelf, under a date which is not given, is a copy of an issue of the New York Law Journal which states that papers should be served on the Authority on East 126th Street. (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443, 448 [1958]; Romano v. Metropolitan Life Ins. Co., 271 N. Y. 288, 292 [1936].) The Manhattan telephone directory, issued by the New York Telephone Company, the usual place of reference not only for telephone numbers but for addresses as well, indicates that the sole address of the Authority is 605 West 132nd Street. To hold an attorney bound by an address published in the Neio York Law Journal, would seem to be unfair, since busy practitioners might very well overlook such no.tice.
The court is not impressed with the argument that claimant’s attorney waited until the 90 days were about to expire to effect service; he had a statutory right to wait until the last day for service.
*707 Counsel for the Authority assert that the notice could have been served by registered mail until midnight. With all the curtailments in postal services, the court is informed that the registry window closes at 8:00 p.m. at General Post Office, at Grand Central Station, and at the Church Street office; and at all other branch post offices at 6:00 p.m., when the offices close to the public. Thus it may be that the notice could not have been mailed as required.
In any event, it is quite possible that in the difficult situation in which claimant’s attorney found himself, he overlooked the fact that he could have served the notice of claim by registered mail until 8:00 o’clock at one of the main post offices.
The Authority asserts it has no way of knowing whether applicant’s attorney actually attempted to effect service as asserted in his moving papers.
Therefore, the matter is respectfully referred to Hon. Leo J. Mullen to hear and report as to whether applicant’s attorney actually attempted to serve the notice of claim as asserted by him. Pending the coming in of his report, the motion is held in abeyance.