■ BARBARA CARLIN et al., Respondents, v CRUM & FORSTER INSURANCE COMPANY et al., Appellants.—Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about June 4, 1990, which denied defendants' motion for an order rejecting the Special Referee's finding that personal service of process was properly made upon defendant insurance company, and which granted plaintiffs' cross-motion for an order confirming the Special Referee's report, unanimously affirmed, with costs.

The testimony of the process server established that, on each of two occasions, he approached defendants' receptionist, identified that he had "court" or "legal" papers, and requested that someone authorized to accept legal documents be paged. In each of the two instances in which the defendants were served, an employee of defendants approached the process server, and the process server again identified the papers to be delivered as being legal in nature. Further, the process server inquired of each employee whether she was authorized to accept service on behalf of her corporate employer. In each instance, the employee stated that she was so authorized, and provided the process server with her name which the process server entered into his log.

Based upon these facts, we find that service was properly made in a manner which, objectively viewed, was calculated to give the corporate defendants fair notice of the legal proceedings against them *(Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). To the extent that the defendants challenge the credibility findings of a Special Referee and IAS court, we note that these findings are substantiated by the record and should not be disturbed *(see, Kardanis v Velis,* 90 AD2d 727). Concur— Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.