■ GEORGE P. PSATHAS, Respondent, v CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Also Known as CATSKILL OFF-TRACK BETTING CORPORATION, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered February 2, 1990 in Rockland County, which, *inter alia,* denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction.

Plaintiff commenced this action by service of a summons and complaint upon defendant on November 14, 1989. In its answer, defendant asserted as an affirmative defense that plaintiff failed to properly serve it pursuant to CPLR 311. Plaintiff moved to dismiss the affirmative defense and defendant cross-moved to dismiss the complaint for lack of personal jurisdiction. Supreme Court conducted a traverse hearing, at which Joseph Curto, plaintiff's process server, testified to the following sequence of events. Curto went to defendant's office, identified himself to the receptionist and told her that he had a summons and complaint to serve upon Donald Groth, defendant's president and chief executive officer. The receptionist picked up the telephone, made a call and then told Curto to be seated, that Groth would be with him shortly. About 5 to 10 minutes later, Catherine Steranka came into the reception area and asked Curto if she could help him. Curto stated that he was there to see Groth, and Steranka responded that she was Groth's assistant and offered to help him. Curto asked Steranka whether she was authorized to accept service of the summons and complaint on behalf of defendant and Steranka responded that she was. Curto then served Steranka with the summons and complaint.

Steranka testified and confirmed Curto's version of the events in most respects. She indicated, however, that she was defendant's purchasing clerk and not its officer, director, managing or general agent, cashier or assistant cashier *(see,*

CPLR 311 [1]), that she was not authorized to accept service on defendant's behalf and that she had never before been served with legal papers. While denying that she told Curto she was authorized to receive service of process, she acknowledged that she agreed to and did accept the summons and complaint from Curto and promptly forwarded them to defendant's legal counsel. Following the hearing, Supreme Court credited Curto's testimony and made a factual determination that Steranka "did lead [Curto] to believe that she did indeed have authorization to receive process on behalf of [defendant]". Supreme Court granted the motion to dismiss the affirmative defense and denied defendant's cross motion. Defendant appeals.

There should be an affirmance. Supreme Court's factual findings are amply supported by the record and should not be disturbed. Based upon those findings, there is no question that Curto was entitled to rely upon defendant's receptionist to identify the proper person to accept service on defendant's behalf and Steranka's representation that she was that person *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 272-273). Here, service was made in a manner which, objectively viewed, was calculated to give defendant fair notice and should be sustained *(see, supra; Carlin v Crum & Forster Ins. Co.,* 170 AD2d 251; *Peck v Maria Regina Church,* 160 AD2d 854, 855; *McBride v County of Schenectady,* 110 AD2d 1000, 1002). Inasmuch as defendant concedes that, as a public benefit corporation, it is to be served in accordance with CPLR 311 (1) *(see, Matter of Ware v Manhattan & Bronx Surface Tr. Operating Auth.,* 49 Misc 2d 704, 706), and in view of our determination that defendant was properly served under that statutory provision, we need not consider the further contention that service upon a political subdivision of the State requires strict compliance with the applicable statute.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.