■ FLORENCE POPKIN et al., Appellants, v XEROX CORPORATION, Respondent. [612 NYS2d 250] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated July 8, 1992, which, after a hearing, granted the defendant's motion to dismiss the complaint based on lack of

personal jurisdiction and denied the plaintiffs' cross motion for dismissal of the defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

At a hearing, it was established that the process server attempted to serve the summons on Betty Schwartz, who described her position as financial control manager for the defendant's suburban district office in Woodbury. Schwartz further indicated that she supervised eight or nine employees in the office, and that the defendant maintained approximately 65 district offices in this country. According to Schwartz's testimony, which was credited by the Supreme Court, although she advised the process server that she was not authorized to accept service of legal papers and that all legal papers should be served at the defendant's corporate headquarters in Stamford, Connecticut, he nevertheless ignored her instructions and threw the summons down on the receptionist's desk. Under these circumstances, we find that it was not reasonable for the process server to conclude that Ms. Schwartz was a "managing agent" as contemplated by CPLR 311 (1). Accordingly, service in this case was invalid *(cf., Psathas v Catskills Regional Off-Track Betting Corp.,* 173 AD2d 1070; *Carlin v Crum & Foster Ins. Co.,* 170 AD2d 251). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.