■ THOMAS McGUIRK, Appellant, v MUGS PUB, Respondent, et al., Defendants. [673 NYS2d 209] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered March 21, 1996, which, upon an order of the same court dated March 8, 1996, made after a hearing, granting the motion by the defendant, Mugs Pub, to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, dismissed the complaint insofar as asserted against Mugs Pub.

Ordered that the judgment is affirmed, with costs.

On November 9, 1993, the plaintiff's process server visited

the defendant Mugs Pub, the site of the alleged accident, to serve a summons and complaint on it. Finding only a bartender there, the process server left the establishment and walked outside to the parking lot where his car was parked. There, he saw a man wearing a white shirt and black pants. It is undisputed that this individual, Joseph Curley, identified himself as the brother of Michael Curley, the owner of Mugs Pub, and indicated that he would make sure that his brother received the papers. At the hearing to determine the validity of service of process, Joseph Curley denied that he was employed by Mugs Pub or authorized to accept service therefor (*see,* CPLR 311), or that he had ever represented to anyone that he was so employed or authorized.

The hearing court's assessment of a witness's credibility is ordinarily entitled to substantial deference (*see, Avakian v De Los Santos,* 183 AD2d 687). Under these circumstances, we perceive no reason to disturb its determination on appeal.

That Michael Curley actually did receive notice of the action did not serve to render the improper service valid (*see, Mc-Donald v Ames Supply Co.,* 22 NY2d 111, 114-115; *Hailey v Hyster Co.,* 190 AD2d 711).

The plaintiff's remaining contention is without merit. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.