■ JUSTINO ORTIZ et al., Respondents, v DEVANAND JAMWANT, Defendant, and DOMINICK VITUCCI, Appellant. [758 NYS2d 829] —In an action, inter alia, to recover damages for trespass, the defendant Dominick Vitucci appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated August 9, 2002, which, after a hearing, granted the plaintiffs' motion to dismiss his affirmative defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The Judicial Hearing Officer (hereinafter the J.H.O.) properly granted the plaintiffs' motion to dismiss the affirmative defense of lack of personal jurisdiction asserted by the appellant Dominick Vitucci. The proof elicited at the hearing to determine the validity of service of process upon the appellant established that the summons was delivered to a person of suitable age and discretion at the appellant's actual place of business on February 19, 2002 (*see* CPLR 308 [2]). Although the appellant testified that the individual served was not one of suitable discretion, his testimony was conclusory and was not credited by the court. Issues of credibility are generally for the hearing court and should not be disturbed if supported by a fair interpretation of the evidence (*see Koslosky v Koslosky,* 267 AD2d 357 [1999]; *McGuirk v Mugs Pub,* 250 AD2d 824, 825 [1998]). The J.H.O.'s factual determination is entitled to great weight on appeal and was supported by the credible testimony of the process server adduced at the hearing (*cf. Torres v Corpus,* 131 AD2d 463, 464-465 [1987]; *Carlino v Cook,* 126 AD2d 597, 598 [1987]).

The appellant's remaining contentions either are academic in light of the foregoing or without merit. Ritter, J.P., Altman, Krausman and Crane, JJ., concur.