■ TINA FREUD, Respondent, v ST. AGNES CATHEDRAL SCHOOL, Appellant. [881 NYS2d 908]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Markey, J.), entered October 21, 2008, which, after a hearing to determine the validity of service of process, denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

It is undisputed that on August 27, 2007 the plaintiff's process server visited the defendant's school and delivered the summons and complaint in this action to Patricia Wren, who was employed by the defendant. The defendant moved to dismiss the complaint on the ground that service of process was invalid since Wren was only a secretary and not authorized to receive service of process on behalf of the defendant. At the hearing to determine the validity of service of process upon the defendant, the process server testified that she approached Wren, whom she believed to be a secretary, identified the summons and complaint, and asked Wren if she was authorized to accept service of the papers. According to the process server, Wren replied that she was so authorized. Wren testified at the hearing that she was employed by the defendant as a clerk, but denied that she ever told the process server that she was authorized to accept service of process on behalf of the defendant. After the hearing, the court denied the motion to dismiss.

Ordinarily, the hearing court's assessment of a witness's credibility is entitled to substantial deference (*see Ortiz v Jamwant,* 305 AD2d 477 [2003]; *McGuirk v Mugs Pub,* 250 AD2d 824, 825 [1998]; *Carlin v Crum & Forster Ins. Co.,* 170 AD2d 251 [1991]). Under these circumstances, we perceive no reason to disturb its determination on appeal (*see Fashion Page v Zurich Ins. Co.,* 50 NY2d 265 [1980]). Mastro, J.P., Miller, Dickerson and Chambers, JJ., concur.