■ KEVIN SANTIAGO, Respondent, v JUNISE HONCRAT, Appellant. [912 NYS2d 419]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 28, 2009, which, after a hearing, denied her motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered May 20, 2005, upon her failure to appear or answer, on the ground that the court lacked jurisdiction to render a judgment, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to CPLR 5015 (a) (1) to vacate the judgment entered May 20, 2005, on the ground of excusable default.

Ordered that the order is affirmed, with costs.

A judgment was entered in this action on May 20, 2005, upon the defendant's failure to appear or answer. By order to show cause dated October 21, 2008, the defendant moved, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment on the ground that the court lacked jurisdiction to render a judgment, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to CPLR 5015 (a) (1) to vacate the judgment on the ground of excusable default. The defendant claims, among other things, that she was not properly served with the summons and complaint in this action. The plaintiff opposed the motion. The Supreme Court conducted a hearing to determine the validity of service of process. In the order appealed from, the Supreme Court denied the defendant's motion. We affirm.

"Service of process must be made in strict compliance with

statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (*Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007], quoting *Macchia v Russo*, 67 NY2d 592, 594 [1986]; *see Dorfman v Leidner*, 76 NY2d 956, 958 [1990]). "CPLR 308 (2), inter alia, authorizes service by delivery of the summons within the state to a person of suitable age and discretion at the defendant's dwelling place, and mailing the summons to the defendant's last known residence" (*Roberts v Anka*, 45 AD3d 752, 753 [2007]). " 'The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process' " (*id.*, quoting *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]). Contrary to the defendant's contentions, the plaintiff established, by a preponderance of the evidence, that the defendant was properly served pursuant to CPLR 308 (2). The Supreme Court's credibility determinations following the hearing are entitled to substantial deference, and we decline to disturb them on this appeal (*see Freud v St. Agnes Cathedral School*, 64 AD3d 678, 679 [2009]; *Ortiz v Jamwant*, 305 AD2d 477, 478 [2003]; *Staton v Omwukeme*, 277 AD2d 443 [2000]; *McGuirk v Mugs Pub*, 250 AD2d 824, 825 [1998]).

That branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) for relief from the judgment on the ground of excusable default was untimely, as it was made more than one year after the defendant was served with notice of the judgment (*see* CPLR 5015 [a] [1]; *Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885 [2010]). Moreover, although the "Supreme Court has the inherent authority to vacate a judgment in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired" (*State of New York v Kama*, 267 AD2d 225, 225 [1999]), here, the Supreme Court providently exercised its discretion in declining to do so, as the defendant failed to demonstrate a reasonable excuse for her delay in moving to vacate the judgment, and failed to demonstrate a reasonable excuse for her failure to answer the complaint (*see Valentin v City of New York*, 73 AD3d 755, 756 [2010]). Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.