Ordered that the motion is granted to the extent that those portions of the appellants' reply brief that refer to immunity based on discretionary action are deemed stricken and have not been considered in the determination of the appeals, and the motion is otherwise denied. Florio, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 26 Misc 3d 514.]**

■ IRENE GOTTESMAN et al., Respondents, v EVELYN FRIEDMAN, Also Known as EVELINE FRIEDMAN, et al., Appellants, et al., Defendants. [934 NYS2d 436]—

A judgment was entered against the appellants in this action on December 5, 2006, upon their failure to appear or answer. By order to show cause dated May 8, 2008, the appellants moved, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment on the ground that the court lacked jurisdiction to render a judgment, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and pursuant to CPLR 5015 (a) (1) to vacate the judgment on the ground of excusable default. The appellants claimed, among other things, that they were not properly served with the summons and complaint in this action. The plaintiffs opposed the motion. The Supreme Court conducted a hearing to determine the validity of service of process. In the order appealed from, the Supreme Court denied the appellants' motion. We affirm.

"Service of process must be made in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (*Santiago v Honcrat*, 79 AD3d 847, 847-848 [2010] [some internal quotation marks omitted], quoting *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007], quoting *Macchia v Russo*, 67 NY2d 592, 594 [1986]). CPLR 308 (1) authorizes service to be made "by delivering the summons within the state to the person to be served" (*see Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007]). " 'The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process' " (*Santiago v Honcrat*, 79 AD3d at 848 [some internal quotation marks omitted], quoting *Roberts v Anka*, 45 AD3d 752, 753 [2007], quoting *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]).

Here, the plaintiffs established by a preponderance of the evidence, through two affidavits of service and evidence presented at the hearing to determine the validity of service of process, that the appellants were properly served pursuant to CPLR 308 (1) (*see e.g. Valiotis v Psaroudis*, 78 AD3d 683, 684 [2010]). In response, the appellants offered unsubstantiated denials, which were insufficient to rebut the presumption of proper service (*see US Consults v APG, Inc.*, 82 AD3d 753 [2011]). Further, the Supreme Court's credibility determinations following the hear-

ing are entitled to deference, and we decline to disturb them on this appeal (*see Santiago v Honcrat*, 79 AD3d at 848). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.

The appellants' remaining contentions are without merit or need not be reached in light of our determination. Florio, J.P., Hall, Austin and Cohen, JJ., concur.