Rose, J.P.
Appeal from an order of the Supreme Court (Krogmann, J.), entered November 30, 2011 in Warren County, which, among other things, denied defendants’ cross motion to, among other things, vacate a judgment of foreclosure and sale.
Defendant Linda Pacyna executed a note and a mortgage encumbering her residence in 2003 and, after she defaulted in 2007, plaintiff commenced this foreclosure action. When defendants failed to answer, Supreme Court granted plaintiff’s motion for a default judgment and the real property was subsequently sold at a referee’s sale to plaintiff. Defendants then moved for a stay of the proceedings on the ground that they were never served with the summons and complaint. When plaintiff failed to oppose the motion, Supreme Court granted the stay. Plaintiff eventually moved to vacate its default on the motion and lift *1247 the stay, and defendants cross-moved to dismiss the action on grounds that they had not been served and that the paperwork supporting the action was fraudulent. Supreme Court held a traverse hearing, found that personal service had been made upon defendants, denied the motion to dismiss the judgment of foreclosure and sale, and vacated the stay.
On appeal, defendants contend that they were treated unfairly at the traverse hearing because of their pro se status. We cannot agree. Pro se litigants are accorded no greater rights than any other litigants (see Davis v Mutual of Omaha Ins. Co., 167 AD2d 714, 716 [1990]; Roundtree v Singh, 143 AD2d 995, 996 [1988]). Here, the record makes clear that Supreme Court’s conduct toward defendants at the hearing was even-handed and fair. Further, we can find no basis to disturb the court’s acceptance of the testimony of the process server and its conclusion that personal jurisdiction was obtained (see Matter of DeMeo v City of Albany, 63 AD3d 1272, 1272-1273 [2009]; Psathas v Catskill Regional Off-Track Betting Corp., 173 AD2d 1070, 1071 [1991]).
As for defendants’ argument that plaintiff lacked standing to bring the action, they waived this defense by failing to assert it in an answer or a timely pre-answer motion to dismiss (see CPLR 3018 [b]; 3211 [e]; Matter of Fossella v Dinkins, 66 NY2d 162, 168 [1985]; HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975-976 [2013], lv dismissed 21 NY3d 956 [2013]). In any event, defendants do not deny that Pacyna signed the note and mortgage obligating her to make regular payments, but she failed to do so. Documents in the record reflect that a loan modification was entered into prior to the action being commenced, defendants were unable to stay current on the payments and, after commencement of the action, they did not accept modified terms that were offered prior to the sale. Further, defendants’ contention that plaintiff’s papers do not comply with CPLR 3215 (f) does not allege a jurisdictional defect (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 202 [2013]), and their allegations of fraud are unsubstantiated (see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1308 [2012]; Rizzo v St. Lawrence Univ., 24 AD3d 983, 984 [2005]; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475 [2005]).
Finally, defendants argue that Supreme Court improperly vacated the stay because plaintiff designated its motion as one to reargue and, as such, it was untimely. It is clear, however, that plaintiff did not appear or submit papers opposing defendants’ motion for a stay. Accordingly, its subsequent motion is *1248 more accurately described as one to vacate its default in failing to oppose defendants’ motion. Supreme Court accepted plaintiff’s excuse for the default and, finding no basis to defendants’ claims regarding service or fraud, vacated the stay. Given the record before us, Supreme Court did not abuse its discretion (see Citicorp Mtge. v Rodelli, 249 AD2d 736, 738 [1998]). Defendants’ remaining contentions have been considered and found to be without merit.
Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.