Grand Pac. Mtge. Corp. v Pietranski (2019 NY Slip Op 06755)





Grand Pac. Mtge. Corp. v Pietranski


2019 NY Slip Op 06755


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-06321
 (Index No. 12496/08)

[*1]Grand Pacific Mortgage Corp., appellant,
v
Richard Pietranski, et al., defendants, Dawn Flaim, etc., respondent.


Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Haber & Haber, LLP (Rachel Schulman, Esq. PLLC, Great Neck, NY, of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated February 20, 2018. The order, after a hearing to determine the validity of service of process, granted the motion of the defendant Dawn Flaim pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
On April 1, 2008, the plaintiff commenced this action against the defendants to foreclose a mortgage. According to an affidavit of service, a process server attempted to personally deliver the summons and complaint to the defendant Dawn Flaim at her dwelling place in Suffolk County on Saturday, April 5, 2008, at 7:10 a.m., on Monday, April 7, 2008, at 8:35 p.m., and on Tuesday, April 8, 2008, at 2:00 p.m. The affidavit recited that after these attempts proved unsuccessful, the process server affixed a copy of the summons and complaint to Flaim's door on the last of these occasions, and thereafter mailed a copy to that same address (see CPLR 308[4]). The affidavit further indicated that the process server spoke to a male neighbor at a specified address regarding, inter alia, Flaim's normal routine, her place of business, and her possible military service.
In July 2008, Flaim moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, arguing that the process server did not exercise due diligence in attempting to serve her by personal delivery before resorting to "affix and mail" service pursuant to CPLR 308(4). In support of her motion, Flaim submitted an affirmation of her attorney, who was the male neighbor with whom the process server had purportedly spoken. The attorney affirmed that he was at his office in Garden City on Tuesday, April 8, 2008, at 2:00 p.m., supervising a will execution, and that he never spoke to the process server at any point in time. On February 18, 2009, the Supreme Court held Flaim's motion in abeyance and set the matter down for a hearing to determine whether she was properly served. After the plaintiff failed to appear at the hearing, the matter languished for three years before being removed from the court's calendar on June 7, 2012. On July 10, 2017, the court granted the plaintiff's request to [*2]restore the matter to the calendar for the hearing. After the hearing was conducted, the court issued an order dated February 20, 2018, granting Flaim's motion to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
"Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person' pursuant to CPLR 308" (Estate of Waterman v Jones, 46 AD3d 63, 65, quoting Macchia v Russo, 67 NY2d 592, 594; see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897; Gottesman v Friedman, 90 AD3d 608, 609). At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d 1009, 1011; Gottesman v Friedman, 90 AD3d at 609). Moreover, the Supreme Court's determination as to the credibility of the witnesses is entitled to great deference on appeal (see Santiago v Honcrat, 79 AD3d 847, 848; Freud v St. Agnes Cathedral School, 64 AD3d 678, 679).
We agree with the Supreme Court's conclusion that the plaintiff failed to meet its burden of proving by a preponderance of the evidence that jurisdiction over Flaim was obtained by proper service of process pursuant to CPLR 308(4). Flaim's neighbor, who since 1994 was the only male who had lived at the address specified in the affidavit of service, testified that he never spoke to a process server between April 5 and April 8, 2008. The neighbor's office calendar substantiated portions of his testimony by establishing that he was not at his home on the afternoon of Tuesday, April 8, 2008, and thus could not have spoken with the process server in person at his residence at that time. Similarly, Flaim testified that she was at home on the morning of Saturday, April 5, 2008, and on the evening of Monday, April 7, 2008, but no process server came to her home. By contrast, the process server could not recall when he spoke to Flaim's male neighbor, and he no longer possessed the work ticket or books and records with respect to the service.
Under the circumstances presented, we discern no basis upon which to disturb the Supreme Court's credibility determinations or its conclusion that the plaintiff failed to establish, by a preponderance of the evidence, that its process server properly effected service upon Flaim pursuant to CPLR 308(4) (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; Deutsche Bank Natl. Trust Co. v Pestano, 71 AD3d 1074, 1075).
The plaintiff's remaining contention is without merit (see Wern v D'Alessandro, 219 AD2d 646, 647).
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court