Matter of Wiggs v Basile (2020 NY Slip Op 06537)





Matter of Wiggs v Basile


2020 NY Slip Op 06537


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-02984
2019-08194
2019-12018
 (Docket No. F-7061-08)

[*1]In the Matter of Sherry Wiggs, respondent,
v
Christopher Basile, appellant.


Richard A. Medina, New York, NY, for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Rachel Hahn, J.), entered February 28, 2019, (2) an order of the same court entered June 14, 2019, and (3) an order of the same court entered September 25, 2019. The order entered February 28, 2019, denied the father's objections to an order of the same court (Keri A. Fiore, S.M.) dated December 10, 2018, which denied the father's motion pursuant to CPLR 3211(a) to dismiss the petition. The order entered June 14, 2019, denied the father's objections to two orders of the same court (Keri A. Fiore, S.M.) both dated February 21, 2019, which (1) granted the mother's petition alleging a violation of his child support obligation and directed the entry of a money judgment in favor of the mother and against the father in the sum of $118,799 for child support arrears, and (2) after a hearing on the validity of service of process, denied the father's motion to dismiss the petition for lack of personal jurisdiction. The order entered September 25, 2019, insofar as appealed from, denied so much of the father's objections to an order of the same court (Keri A. Fiore, S.M.) dated July 10, 2019, as denied the father's motion to vacate his default in appearing at a hearing.
ORDERED that the orders entered February 28, 2019, and June 14, 2019, are affirmed; and it is further,
ORDERED that the order entered September 25, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The father and the mother were married and have one child together who was born in August 1998. The parties separated and entered into a stipulation of settlement dated April 26, 2006, which provided that the father was to pay $2,150 per month in child support. The parties were divorced by judgment entered July 5, 2007, which incorporated but did not merge the stipulation of settlement. The father's child support was later increased to $2,374 per month.
In November 2017, the mother filed a petition alleging a violation of the support order and that she was due $128,852 in child support arrears. The father moved to dismiss the petition for lack of personal jurisdiction. A hearing on the validity of service of process was held at which the process server testified that he personally served the father with the summons and petition on May 15, 2018, at the father's residence. The father failed to appear at the hearing. After the hearing, the Family Court denied the motion to dismiss.
Ordinarily, the hearing court's assessment of a witness's credibility is entitled to substantial deference (see Freud v St. Agnes Cathedral School, 64 AD3d 678, 679; Ortiz v Jamwant, 305 AD2d 477; McGuirk v Mugs Pub, 250 AD2d 824, 825). Under the circumstances, we perceive no reason to disturb the Family Court's determination on appeal (see Fashion Page v Zurich Ins. Co., 50 NY2d 265).
Additionally, the Family Court did not err in denying the father's motion to vacate his default in appearing at the hearing. The father had to establish both a reasonable excuse and a meritorious defense (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). We agree with the court's determination that the father did not make the requisite showing. Accordingly, the court providently exercised its discretion in declining to vacate the father's default.
The father's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court