DB Structured Prods., Inc. v Zaman (2024 NY Slip Op 02688)

DB Structured Prods., Inc. v Zaman

2024 NY Slip Op 02688

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-03824
 (Index No. 718097/21)

[*1]DB Structured Products, Inc., respondent, 
v
Kazi S. Zaman, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Houser LLP, New York, NY (Jordan Schur of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kazi S. Zaman appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 14, 2022. The order, after a hearing to determine the validity of service of process, denied the motion of the defendant Kazi S. Zaman, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated October 10, 2013, upon his failure to appear or answer the complaint, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In July 2009, the plaintiff commenced this action against, among others, the defendant Kazi S. Zaman (hereinafter the defendant) to foreclose a mortgage on certain real property located in Jamaica. According to an affidavit of service, the plaintiff's process server purportedly served the defendant pursuant to CPLR 308(1) by personally delivering a copy of the summons and complaint to the defendant at an address in Roosevelt. The defendant thereafter failed to appear or answer the complaint. By order dated May 18, 2010, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiff. By order and judgment of foreclosure and sale dated October 10, 2013, the court, among other things, confirmed the referee's report and directed the sale of the subject property.
In March 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, in an order dated April 30, 2019, directed the parties to appear for a hearing to determine the validity of service of process and held the defendant's motion in abeyance pending completion of that hearing. After the hearing, by order entered April 14, 2022, the court denied the defendant's motion. The defendant appeals.
"Pursuant to CPLR 5015(a)(4), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of lack of jurisdiction to render the judgment or order. Service of process upon a natural person must be made in strict [*2]compliance with statutory methods of service pursuant to CPLR 308. The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Niebling v Pioreck, 222 AD3d 873, 874 [citations and internal quotation marks omitted]; see Pil Yong Yoo v Good Clean Fun, 222 AD3d 793, 794). "At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence. In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Bank of N.Y. Mellon v Chaudhury, 219 AD3d 678, 679 [citations and internal quotation marks omitted]; see Everbank v Kelly, 203 AD3d 138, 143).
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see Bank of N.Y. Mellon v Chaudhury, 219 AD3d at 679-680; Gottesman v Friedman, 90 AD3d 608, 609-610). The court determined, "based in part on its assessment of witness credibility," that the plaintiff proved by a preponderance of the evidence that it validly effected service of process upon the defendant pursuant to CPLR 308(1) (Turner v Sideris, 187 AD3d 963, 964). The court's "credibility determinations following the hearing are entitled to deference, and we decline to disturb them on this appeal" (Gottesman v Friedman, 90 AD3d at 609-610). "[T]he testimony of the plaintiff's process server that he effected service on the defendant[ ] by personal delivery . . . , along with the documentary evidence proffered by the plaintiff, established, prima facie, that the defendant[ ] w[as] properly served" (Bank of N.Y. Mellon v Chaudhury, 219 AD3d at 680).
"The defendant[ ] failed to rebut the plaintiff's prima facie showing of proper service" (id.). The defendant did not "establish that [ ]he had no connection to the [Roosevelt] address during the relevant time period" (New Globaltex Co., Ltd. v Zhe Lin, 198 AD3d 573, 574; see CitiMortgage Inc. v Scott, 157 AD3d 507, 507; cf. Everbank v Kelly, 203 AD3d at 143-144). Moreover, "[t]he defendant's challenge to the description of his [appearance] in the affidavit of service is without merit, as CPLR 306(b) requires only approximations as to age, weight, and height" (HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794; see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115).
In light of the foregoing, we need not reach the plaintiff's remaining contention.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court