| |
|---|
| **King v Zapata** |
| 2025 NY Slip Op 30130(U) |
| January 10, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510321/2021 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 10th day of January 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------------X

ABRAHAM Z. KING and MIRIAM KING

**SUPERSEDING DECISION & ORDER**

Plaintiffs,

Index No.: 510321/2021

- against -

Oral Argument: 11/7/24

RODRIGO ZAPATA, MARIA ZAPATA aka MARIA HERNANDEZ, JOHN DOE #1-5

Cal. No.: 29-32

Ms. Seq. No.: 1-4

Defendants.

-------------------------------------------------------------------------X

The order dated November 7, 2024, is hereby vacated, and superseded by the instant decision and order.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on November 15, 2022, under motion sequence number one, by Abraham Z. King and Miriam King (hereinafter the plaintiffs) for an order pursuant to CPLR 3215 granting leave to enter a default judgment against Rodrigo Zapata, Maria Zapata aka Maria Hernandez, and John Doe #1-5 (hereinafter the defendants). The motion is opposed.

-Notice of motion
-Affirmation in support
    Exhibits A-D
-Supplemental affirmation in support
    Exhibits A-B
-Affirmation in opposition
    Exhibits A-C

Recitation in accordance with CPLR 2219 (a) of the papers considered on the order to show cause filed on April 4, 2024, under motion sequence number two, by defendant Maria Zapata a/k/a Stella Hernandez, f/k/a Maria Hernandez, and non-party Blue Sky Equities 26 LLC (hereinafter BSE) for an order: (1) vacating defendant's default pursuant

**Page 1 of 12**

[* 1]

to CPLR 317 and CPLR 5015 (a) (1); and (2) granting Maria Zapata leave to serve a late answer pursuant to CPLR 3012 (d); and (3) substituting BSE as defendant instead of Maria Zapata in the above action pursuant to CPLR 1018. The motion is opposed.

-Order to show cause
-Affirmation in support
    Exhibits A-H
-Affidavit in support by defendant
-Affidavit in support by defendant's daughter
-Affirmation in opposition to plaintiff's motion sequence one and in reply to plaintiff's opposition to defendant's motion sequence umber two
    Exhibits A-K

    Recitation in accordance with CPLR 2219 (a) of the papers considered on the order to show cause filed on May 14, 2024, under motion sequence number three, by plaintiffs for an order pursuant to CPLR 6513, extending the amended notice of pendency filed in this action on June 7, 2021, against real property located at 2611 Avenue I, Brooklyn, New York, Block 7572, Lot 05 (hereinafter the subject property) for a period of three years, until May 24, 2027. The motion is opposed[1].

-Order to show cause
-Affirmation in support
    Exhibits A-I

    Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of cross motion filed on June 3, 2024, under motion sequence number four, by defendant Maria Zapata and non-party BSE for an order: (1) cancelling the notice of pendency filed in this action on May 3, 2021, and the amended notice of pendency dated June 7, 2021 against the subject property pursuant to CPLR 6514 (a); and upon the cancellation of the notice of pendency, (2) awarding defendants costs, expenses and attorneys' fees pursuant to CPLR 6514(c); and (3) sanctioning plaintiffs for maintaining a frivolous action and improper notice of pendency pursuant to 22 NYCRR 130.1-1. The motion is opposed.

-Notice of motion
-Affirmation in support
    Exhibits A-D
-Supplemental affirmation in support
    Exhibits A-B

---

[1] The papers submitted on motion sequence four by Maria Zapata and BSE also serve as opposition to plaintiffs' motion under sequence number three.

[* 2]

## BACKGROUND

On May 3, 2021, the plaintiffs commenced the instant action by filing a summons, verified complaint, and notice of pendency (hereinafter the commencement papers) with the Kings County Clerk's office (KCCO). On the same date, the plaintiffs filed an amended notice of pendency with the KCCO.

The verified complaint alleged twenty-six allegations of fact in support of an action for, among other things, a judgment declaring that the plaintiffs obtained ownership of certain portion of the subject property. The subject parcel of property at issue is a small portion of the subject property consisting of the most easterly 3 feet 10 inches portion of the subject property running the length of the part the subject property that is used to park at least two cars, which is at least 15 feet.

The defendants have not interposed an answer to the verified complaint.

## LAW AND APPLICATION

### *Plaintiffs' Motion for A Default Judgment*

Under motion sequence number one, the plaintiffs seek, among other things, an order pursuant to CPLR 3215 granting leave to enter a default judgment against defendants Rodrigo Zapata, Maria Zapata aka Maria Hernandez, and John Doe #1-5 for failure to appear or answer the complaint.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, the plaintiff must prove proper service of the summons and complaint on the defendant (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2d Dept 2011]).

Page **3** of **12**

[* 3]

Additionally, the plaintiff must submit proof of the defendants' default in answering or appearing and must submit proof of facts sufficient to establish a viable claim (*id.*; *see also* CPLR 3215 [f]). "CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit 'made by the party'" (*HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2d Dept 2009], citing *Matone v Sycamore Realty Corp.*, 31 AD3d 721, 721-722 [2d Dept 2006]).

A plaintiff seeking to assert jurisdiction over a defendant must bear the "ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Gottesman v Friedman*, 90 AD3d 608, 609 [2d Dept 2011], quoting *Santiago v Honcraft*, 79 AD3d 847, 848 [2d Dept 2010]).

On May 3, 2021, the plaintiffs commenced the instant action. On June 28, 2021, the plaintiffs filed two affidavits of the service of the commencement papers by Jad Fares Dayekh (hereinafter Dayekh), the plaintiffs' licensed process server.

Dayekh averred that he attempted to deliver the papers to Maria Zapata at 2611 Avenue I, Brooklyn, New York 11210 on June 8, 2021, at 6:36 pm and on June 16, 2021, at 12:48 pm and found no one to accept service. On June 18, 2021, at 10:07 am, he then served the commencement papers upon Maria Zapata by affixing one true copy upon the entrance door. On June 21, 2021, he mailed the commencement papers to her at the same address by first class mail. The envelope bore the legend "personal and confidential". Dayekh did not say what the address was to Maria Zapata.

[* 4]

Dayekh averred that he attempted to deliver the papers to Rodrigo Zapata at 2611 Avenue I, Brooklyn, New York 11210 on June 8, 2021, at 6:36 pm and on June 16, 2021, at 12:48 pm. and found no one to accept service. On June 18, 2021, he then served the commencement papers Rodrigo Zapata by affixing one true copy upon the entrance door. On June 21, 2021, Dayekh mailed the commencement papers to him at the same address by first class mail. The envelope bore the legend "personal and confidential." Dayekh did not give any information about the stated address and its connection to Rodrigo Zapata.

Plaintiffs presented no evidence that they served the commencement papers upon John Doe #1-5.

When a plaintiff seeks a default judgment, the burden is on the plaintiff to prove proper service upon the defendant with the summons and complaint. *Gottesman*, 90 AD3d at 609. Each one of Dayekh's affidavits of service of the commencement papers demonstrates that he attempted service of the summons and complaint on defendants Maria Zapata and Rodrigo Zapata pursuant to CPLR 308 (4).

CPLR 308 (4) pertains to personal service upon a natural person and provides, in pertinent part, as follows:

Personal service upon a natural person shall be made by any of the following methods:

"where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against

Page **5** of **12**

[* 5]

the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing"

"The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Prego v Bartkowski*, 216 AD3d 679, 681 [2d Dept 2023], quoting *Gurevitch v Goodman*, 269 AD2d 355, 355 [2d Dept 2000]). To satisfy the due diligence requirement of CPLR 308(4), "it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (*Niebling v Pioreck*, 222 AD3d 873 [2d Dept 2023]). Here, Dayekh's affidavits of service, together with the papers submitted with the plaintiffs' motion failed to demonstrate that the process server attempted to ascertain the business address of either Maria Zapata or Rodrigo Zapata to effectuate personal service at that location, pursuant to the provisions of CPLR 308 (1) and CPLR 308 (2) (*see County of Nassau v Long*, 35 AD3d 787 [2d Dept 2006]).

Consequently, the Court lacks jurisdiction over defendants Maria Zapata and Rodrigo Zapata. Having failed to demonstrate the exercise of due diligence before attempting service of the summons and complaint pursuant to CPLR 308 (4), plaintiffs' motion for a default judgment must be denied. The denial, however, is without prejudice.

### *Defendants' Motion to Vacate the Default*

Defendant Maria Zapata, also known as Stella Hernandez and as Maria Hernandez, seeks, among other things, an order pursuant to CPLR 317 and CPLR 5015 (a) (1) vacating

[* 6]

her default in answering the verified complaint and granting her leave to serve a late answer pursuant to CPLR 3012 (d).

The first branch of the request seeks an order vacating the default in answering the complaint. The KCCO has no record of a default judgment entered against Maria Zapata for failing to answer the complaint. Consequently, there is no default judgment in existence to vacate.

The second branch of Maria Zapata's motion seeks leave pursuant to CPLR 3012 (d) to serve a late answer. CPLR 320 (a) sets forth when a defendant must appear in an action and how they may do so. Pursuant to CPLR 320 (a) a defendant must appear after being served with a summons. Also, a defendant may appear by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. In the case at bar, the court lacks personal jurisdiction over Maria Zapata due to improper service of the commencement papers, inclusive of the summons, upon her. Under these circumstances, Maria Zapata is not required to appear in the action. She may, of course, voluntarily do so without the need for Court permission. She may also voluntarily appear by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. Under these circumstances, the Court will leave the decision to Maria Zapata as to whether she wishes to appear in the action, and if so, how she chooses to do so.

It is noted that the affirmation of Maria Zapata's counsel avers that defendant Rodrigo Hernandez passed away on October 7, 2000. Counsel then referred to an annexed death certificate to proof that fact. The annexed death certificate was in a foreign language

[* 7]

and was accompanied by an English translation. The plaintiffs' opposing papers do not address this contention. Assuming the authenticity of the death certificate, the action against Rodrigo Zapata would be a nullity from its inception. "It is well established that the dead cannot be sued" (*Butler v Russo*, 226 AD3d 858 [2d Dept 2024], citing *Marte v Graber*, 58 AD3d 1, 3 [1st Dept 2008]).

### *Motion For Substitution*

Defendant Maria Zapata and non-party BSE also seek an order substituting Blue Sky Equities 26, LLC as defendant instead of Maria Zapata in the above-entitled action pursuant to CPLR 1018. In support of the branch of the motion, defendant Maria Zapata submits a recorded deed reflecting her conveyance of the subject property to Blue Sky Equities 26, LLC on January 31, 2024.

CPLR 1018 pertains to substitution upon transfer of interest and provides as follows: "Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (CPLR 1018).

As previously stated, the Court has no personal jurisdiction over Maria Zapata. To the extent that both Maria Zapata and non-party BSE are seeking that BSE be substituted as the defendant in place of Maria Zapata, its motion is granted under the following conditions. It must interpose and file its proposed answer reflecting the change with the KCCO within thirty days of notice of entry of the instant decision and order. If it does so,

[* 8]

the motion is granted. If it does not, the motion is denied. The denial, however, would be without prejudice to moving to intervene in the action by appropriate notice of motion.

### *Plaintiffs' Motion to Extending the Amended Notice of Pendency*

The plaintiffs seek an order extending the Amended Notice of Pendency filed in this action on June 7, 2021, against the subject property for a period of three years pursuant to CPLR § 6513. The motion is denied for the reason set forth below.

### *Maria Zapata's Motion to Cancel the Amended Notice of Pendency*

Defendant Maria Zapata and BSE seeks an order cancelling the notice of pendency filed against the subject property pursuant to CPLR 6514 (a). They also seek, upon the cancellation of the notice of pendency, an award of costs, expenses, and attorneys' fees pursuant to CPLR 6514 (c) and an order sanctioning plaintiffs for maintaining a frivolous action and improper notice of pendency pursuant to 22 NYCRR 130.1-1.

CPLR 6512 provides as follows:

> A notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed. If the defendant dies within thirty days after filing and before the summons is served upon him or publication is completed, the notice is effective only if the summons is served upon his executor or administrator within sixty days after letters are issued.

CPLR 6514 (a) provides as follows:

> (a) Mandatory cancellation. The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; or if the action has been settled, discontinued or abated; or if the time to appeal from a final judgment against the plaintiff has expired; or if

enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519.

On May 3, 2021, the plaintiffs commenced the instant action by filing a summons, verified complaint and notice of pendency with the KCCO. On June 28, 2021, the plaintiffs filed and affidavit of the service of the commencement papers upon defendant Maria Zapata and upon defendant Rodrigo Zapata. Service was attempted pursuant to CPLR 308(4). Pursuant to CPLR 308 (4) service would have been completed on July 8, 2024, ten days after the filing of the affidavits of service.

Here, the summons and the notice of pendency was filed on May 3, 2021. The summons was not served until July 8, 2024, more than thirty days after the filing of the notice of pendency. Pursuant to CPLR 6514 (a) and CPLR 6512, cancellation of the notice of pendency is mandatory.

The branch of Maria Zapata's motion seeking an award of costs, attorneys' fees and sanctions was not addressed in the order dated November 7, 2024. In a case involving a mandatory cancellation of a notice of pendency due to a belated service of the summons, the defendant's costs and expenses may be awarded pursuant to CPLR 6514 (c), even in the absence of subjective bad faith on the part of the plaintiffs (*National Auditing Servs & Consulting, LLC v Assa*, 217 AD3d 503, 504 [1st Dept 2023], citing *Knopf v Sanford*, 132 AD3d 416, 418 [1st Dept 2015]).

Accordingly, the parties are directed to appear in Part 52 on March 11, 2025 at 10:00 am for further argument and proceedings on the issues of Maria Zapata's motion seeking an award of costs, attorneys' fees and sanctions.

[* 10]

## CONCLUSION

The motion by plaintiffs Abraham Z. King and Miriam King for an order pursuant to CPLR 3215 granting leave to enter entering a default judgment against defendants Rodrigo Zapata, Maria Zapata aka Maria Hernandez, and John Doe #1-5 is denied.

The branch of the order to show by defendant Maria Zapata a/k/a Stella Hernandez, f/k/a Maria Hernandez and non-party Blue Sky Equities 26 LLC for an order vacating defendants' default pursuant to CPLR 317 and CPLR 5015 (a) (1) is granted.

The branch of the order to show by defendant Maria Zapata a/k/a Stella Hernandez, f/k/a Maria Hernandez and non-party Blue Sky Equities 26 LLC for an order granting Maria Zapata leave to serve a late answer pursuant to CPLR 3012(d) is granted.

The branch of the order to show by defendant Maria Zapata a/k/a Stella Hernandez, f/k/a Maria Hernandez and non-party Blue Sky Equities 26 LLC for an order substituting Blue Sky Equities 26 LLC BSE as defendant instead of Maria Zapata in the above entitled action pursuant to CPLR 1018 is granted in accordance with the conditions set forth herein.

The order to show cause filed by plaintiffs for an order pursuant to CPLR 6513, extending the amended notice of pendency filed in this action on June 7, 2021, against real property located at 2611 Avenue I, Brooklyn, New York, Block 7572, Lot 05 is denied.

The branch of the cross motion by defendant Maria Zapata and non-party Blue Sky Equities 26 LLC for an order cancelling the notice of pendency filed in this action on May 3, 2021, and the amended notice of pendency dated June 7, 2021 is granted.

[* 11]

The branch of the cross motion by defendant Maria Zapata and non-party Blue Sky Equities 26 LLC for an order upon the cancellation of the notice of pendency, awarding defendants costs, expenses and attorneys' fees pursuant to CPLR 6514 (c); and (3) sanctioning plaintiffs for maintaining a frivolous action and improper notice of pendency pursuant to 22 NYCRR 130.1-1 is granted to the extent that the issue is adjourned to March 11, 2025 for further argument and proceedings on these remaining issues.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

J.S.C.

HON. FRANCOIS A. RIVERA

[* 12]